**YUKON–DELTA FISH MARKETING CO–OP, INC., Plaintiff— Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 05–35788.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2006.*

Filed July 26, 2006.

John C. Pharr, Esq., Law Offices of John C. Pharr, Anchorage, AK, for Plaintiff-Appellant.

Office of the U.S. Attorney Federal Bldg. & U.S. Courthouse, Anchorage, AK, for Defendant-Appellee.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM **

The U.S. Army Corps of Engineers exercised discretion as contemplated by the discretionary function exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, designing the Emmonak Riverbank Erosion Project. Where mandatory, specific guidelines do not dictate a particular standard, design decisions constitute discretionary functions. *See Kennewick Irrigation Dist. v. United States,* 880 F.2d 1018, 1026–27 (9th Cir.1989) (irrigation project design is protected as discretionary judgment); *see also Chaffin v. United States,* 176 F.3d 1208, 1211 (9th Cir.1999) (even negligently made design decisions are discretionary, precluding government liability). The design decisions of the U.S. Army Corps of Engineers "involve[d] the permissible exercise of policy judgment." *Berkovitz v. United States,* 486 U.S. 531, 537, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Accordingly, the district court did not err in granting the defendant's motion for summary judgment under the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), as a fault in the project's design is the gravamen of the plaintiff's complaint.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.